## T. V. OLIVE v. J. M. LEWIS, Admr.

1. BILL OF EXCEPTIONS SHOWING CERTAIN TESTIMONY OBJECTED TO AND NOT CONTAINING THE WHOLE EVIDENCE INSUFFICIENT TO PROCURE REVERSAL. — Certain testimony objected to and placed upon the record by a bill of exceptions, not being accompanied with the other testimony in the cause, the assignment of error relating to its relevancy and competency will not be considered; for the evidence may have been rendered material and competent by the absent testimony.

2. STATUTE OF FRAUDS — CASE IN JUDGMENT — ART. 1, P. 358, REV. CODE 1857. — M. was indebted to S., S. was indebted to O. In consideration of the promise of M., with the assent of S. and O., to pay his indebtedness to S. directly to O., the latter released S. from further liability to him: Held, the undertaking of M. was not a promise within the statute of frauds. Rev. Code, 1857, art. 1, p. 358.

3. SAME — CONTINGENT LIABILITY — ILLUSTRATION OF CASES WITHIN AND WITHOUT THE STATUTE. — If the responsibility of A. is contingent upon the act of B., the case is within the statute; but if A., in consideration that C. will discharge B. of a debt owing to C. promises to pay that debt to C., the case is outside the statute; for the reason that A. has contracted an independent debt of his own, and his responsibility is not contingent upon the act of B.

4. SAME — RECEIPT OF CONSIDERATION BY THE PROMISOR NOT ALWAYS THE CRITERION — WHAT IS THE TEST. — The receipt or non-receipt of the consideration by the party promising, does not determine, in every case, whether it is within the statute or not; but the inquiry still remains whether he entered into an independent obligation of his own, or whether his responsibility was contingent upon the act of another.

ERROR to the circuit court of Attala county. CUNNINGHAM, J.

The detailed statement of the facts of this case in the opinion leaves nothing to be added.

*Harris & Withers*, for plaintiff in error,

1. Insisted that the demurrer should have been sustained.

The plea was manifestly bad. It is technically a plea of accord and satisfaction. At most it sets up accord, but does not allege satisfaction. 2 Pars. on Con. 681–683. It does not allege that McAdory ever paid plaintiff in error. The plea fails to allege that McAdory's promise was in writing, or was of such a character as plaintiff in error could enforce. It was void under the statute of frauds.

2. It was error to permit an open account of McAdory against Sweatt to go as evidence to the jury, when there was no evidence that McAdory had ever paid plaintiff in error the money. Even if McAdory did charge Sweatt with the $214 19, plaintiff in error could in no way be affected by it unless it was also shown that McAdory had paid plaintiff in error the amount. It is not even alleged in the plea that McAdory ever paid plaintiff in error the amount of the judgment or any part thereof. We would call the particular attention of the court to the fact that the account or paper purporting to be an account of McAdory against Sweatt was not receipted.

3. The instructions given by the court below to the jury for defendant did not properly state the law applicable to the case.

No counsel for defendant in error.

TARBELL, J. :

F. V. Olive having recovered a judgment against James Sweatt, in the circuit court of Attala county, in 1859, and the defendant having since died, the plaintiff proceeded by *scire facias* to revive the judgment against James M. Lewis, the administrator of deceased. The administrator pleaded "that the said judgment ought not to be revived against him and for special plea in this behalf says, that after the rendition of said judgment, and in the life, time of said decedent, to wit: on the — day of —— 1860, James

McAdory, being indebted to the said James Sweatt, deceased, agreed and promised to pay plaintiff for the said James Sweatt the amount of said judgment with all interest thereon, and at the time of said promise and agreement, the said plaintiff was present and thereto consented, and, in consideration of said promise and agreement, the said plaintiff released the said James Sweatt from further liability on said judgment, and this the said administrator is ready to verify," etc. The plaintiff demurred to this plea, but the demurrer was overruled, with leave to plaintiff to reply. Thereupon, plaintiff denied all the material allegations of the plea. This issue was found for the defendant, when a motion for a new trial was sustained. Upon the subsequent trial, at the July term, 1870, the administrator, to maintain the issue on his part, "offered in evidence an account between James Sweatt, deceased and James McAdory, to show that Sweatt had been charged with an account paid Olive by James McAdory," to wit:

"Koscrusko, Mississippi, 1859.

JAMES SWEATT,
      In account with James McAdory,          Dr.
      Cash paid in favor of F. V. Olive ....................... $214 19."

The introduction of this account was objected to because the plaintiff was not connected with the transaction, but the objection was overruled and the account was permitted to go to the jury, to which action of the court the plaintiff excepted and tendered his bill of exceptions, embracing this ruling of the court only. Upon several instructions, the issue was submitted to the jury, who rendered a verdict in favor of defendant. No motion appears to have been made to set aside this verdict and for another trial. The plaintiff then brought writ of error and now asks a reversal of the judgment on the following grounds; 1st. That the court erred in overruling plaintiff's demurrer to defendant's plea ; 2d. The court erred in permitting the account of James McAdory against James Sweatt to be

given in evidence to the jury ; 3d. The court erred in the instructions given for defendant ; 4th. The verdict was contrary to law ; 5th. There was no evidence introduced to sustain or authorize the verdict.

The testimony upon which the jury based their verdict is not contained in the record, but the instructions given to the jury are sent up, from which we infer that there was evidence of a relevant, and evidently of a pertinent, character, without which we are unable to determine the competency and materiality of the testimony objected to.

The first instruction proceeds upon the assumption that evidence was submitted, tending to show that Sweatt delivered cotton to McAdory, to sell and apply the proceeds to the payment of Olive. The third submits the question of payment. The fourth presents the release by Olive of Sweatt, on the judgment, as a question of fact for the jury. The sixth submits the fact of a tender by McAdory, to Olive, of the amount due on the judgment. The seventh, and last, submits to the jury the proposition of the plea, with the direction that, if true, the law was with the defendant. ·

At the instance of which party these instructions were given does not appear ; nor does the record state that they were objected to, in whole or in part, by either.

The testimony objected to, and presented by the bill of exceptions, was, perhaps, made material and competent, or it was possibly rendered wholly valueless and without influence, as to which we cannot determine from the meagre record before us.

As to the pleadings, the plaintiff complains of the defendant Lewis, administrator of the estate of James M. Sweatt, deceased, that the plaintiff in this proceeding, F. V. Olive, recovered a judgment on the 6th day of September, 1859, in the circuit court of Attala county, against the deceased, James M. Sweatt, for the sum of $198 98 ; and that the death of Sweatt having been suggested, leave was granted

to revive that judgment against James M. Lewis, who had been appointed administrator of the estate of the deceased.

To the *scire facias*, the administrator (defendant) answered, a copy of his plea having been heretofore given herein. The demurrer of plaintiff to the defendant's plea, assigns the following causes therefor: 1. Said plea purports to be a plea of accord and satisfaction, or release of said defendant from said judgment, and shows no consideration for the same. 2. The defense here pleaded falls within the provisions of the statute of frauds. 3. As a plea of payment, no bill of particulars is filed with said plea. 4. For many other causes apparent on the record.

The demurrer having been sustained, this action of the court is claimed to be erroneous, for the reasons assigned in the demurrer. It may be that the plea is not as formal, full and explicit as it might well have been; nevertheless, it sets forth, substantially, that the plaintiff, Olive, had a judgment against Sweatt, the deceased, or, in other words, Sweatt was indebted to Olive on a judgment in which Olive was plaintiff, and Sweatt was defendant; that McAdory was indebted to Sweatt; that, at a personal interview between the three, it was arranged and agreed that McAdory should pay the debt he owed to Sweatt, directly to Olive, in satisfaction of the judgment in favor of Olive against Sweatt, in consideration of which promise of McAdory, the plaintiff released Sweatt from further liability on the said judgment.

The consideration of the judgment being merged therein, the indebtedness of Sweatt to Olive was thus wholly extinguished.

It is urged by counsel that the promise of McAdory was within the statute of frauds, and hence that the release was without consideration and void.

The provision of the Code under which this objection is taken, is as follows: "No action shall be brought * * * whereby to charge the defendant upon any special promise to answer for the debt or default or miscarriage of another person; * * * unless the promise or agreement upon

which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith," etc. Code of 1857, art. 1, p. 358.

This statute is common to nearly all the states of the union, and has been the source of more litigation in the aggregate, probably, than any other enactment, though in this state the cases involving its interpretation have been limited. To us, the proposition in the case at bar seems to be simple, and a review of the adjudications unnecessary. The case at bar is this: McAdory was indebted to Sweatt; Sweatt was indebted to Olive. In consideration of the promise of McAdory, with the assent of Sweatt and Olive, in virtue of an arrangement between the three, to pay his indebtedness to Sweatt directly to Olive, the latter released Sweatt from further liability to him, or, in other words, the indebtedness of Sweatt to Olive was discharged by Olive, in consideration of the promise of McAdory, who thereby became the debtor of Olive, and not of Sweatt, and Olive became the creditor of McAdory instead of Sweatt. Sweatt was discharged of his debt to Olive, and had no longer any claim upon McAdory. The undertaking of McAdory was not to answer for the debt, default or miscarriage of Sweatt, for Sweatt was released; and, besides, it was a promise to pay his own indebtedness, and not the debt of another. Sweatt could not make default, for he was released. The undertaking of McAdory, therefore, was not contingent upon the act of Sweatt, and this, in our view, is the true test whether the case is within the statute or not. If the responsibility of A. is contingent upon the act of B., the case is within the statute. But if A., in consideration that C. will discharge B. of a debt owing to C., promises to pay that debt to C., the case is outside the statute, "for the reason that A. has contracted an independent debt of his own, and his responsibility is not contingent upon the act of B., and although he personally received no consideration for his promise." "It will thus be

seen that the receipt or non-receipt of the consideration by the party promising, does not determine, in every case, whether it is within the statute or not, but that the inquiry still remains, whether he entered into an independent obligation of his own, or whether his responsibility was contingent upon the act of another." A test relied upon in some of the cases is, whether the consideration was new, not arising out of the existing obligation, and received by the party making the promise. In the case at bar, if it were necessary, we might fairly presume from the record that there was a new consideration passing to McAdory, as the basis of his promise, in the shape of a deposit of cotton with him by Sweatt, expressly to meet this indebtedness to Olive, but this is unnecessary. In other cases, the courts have sought to prescribe rules by which to determine the case in judgment; but the infinite variety of cases which have arisen have only served to show that this is one of the few statutes of which the simplest is the surest interpretation. The justice of our view of the law of this case is strengthened by the fact that, on two trials, the jury successively found for the defendant on the facts before them. With the more confidence, therefore, in the correctness of the final result, we affirm the judgment of the court below. *Vide* Brown v. Weber, 38 N. Y. 187.